IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**WILFREDO MISLANG**                                                                 **PLAINTIFF**

**v.**                                                **Civil No.: 1:14cv100-HSO-RHW**

**ROYAL HOSPITALITY SERVICES, LLC**                          **DEFENDANT**

**ORDER GRANTING PLAINTIFF'S MOTION [313]
FOR DEFAULT JUDGMENT**

BEFORE THE COURT is Plaintiff Wilfredo Mislang's Motion [313] for Default Judgment against the only remaining Defendant in this civil action, Royal Hospitality Services, LLC ("RHS"). RHS has failed to respond to Plaintiff's Motion for Default, filed on March 8, 2016. RHS has been given adequate time to respond and has been warned of potential default, but has not retained counsel or otherwise participated in this litigation since the Court granted its counsel's Motion to Withdraw on May 19, 2014. After due consideration of the Motion for Default Judgment [313], Plaintiff's proof of damages, the record as a whole, and relevant legal authorities, the Court finds that Plaintiff's Motion for Default Judgment should be granted and that a Default Judgment should be entered against Defendant RHS.

I. BACKGROUND

A.     Factual Background

Plaintiff is originally from the Philippines. Plaintiff alleges that he was a victim of labor trafficking when he came to the United States, and worked for RHS

1

from February to August 2010. Mot. Default J. [288], at 2. Plaintiff has supported these claims with an affidavit concerning the facts he alleges and damages suffered [313-1], and has provided an attorney's affidavit to document attorneys' fees [313-3]. Plaintiff seeks liquidated damages in the amount of $9,800.00, unliquidated damages in the amount of $50,000.00, and attorneys' fee in the amount of $11,549.43. Based on this calculation of damages, Plaintiff seeks a default judgment against RHS for the sum of $71,349.43, plus costs of court and interest.

B. Procedural History

On October 28, 2011, Plaintiff and over fifty other foreign nationals claiming to be victims of labor trafficking filed an original Complaint [1] against Defendants Michael V. Lombardi, U.S. Opportunities, LLC, RHS, and the Beau Rivage. Plaintiffs also sued twelve other named Defendants, but later voluntarily dismissed the claims against those Defendants.

RHS answered [57] the original Complaint on April 2, 2012, and filed several other pleadings including a Motion to Dismiss for Lack of Jurisdiction [59] on July 3, 2012, and a Memorandum in Opposition to Plaintiffs' Motion to Compel Discovery Responses [131] on May 29, 2013. On February 25, 2014, the Court entered an Order of Severance [270], finding that although the various plaintiffs' claims were superficially similar, "the transactions and occurrences which give rise to their purported claims are predominantly individualized and will require individualized proof, both as to liability and damages." Order of Severance [270], at 2–3.

Following severance, Plaintiff filed an Amended Complaint [271] in this case, alleging claims against RHS and others for violations of the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. §§ 1589–90, 1594–95 ("TVPRA"), and the Fair Labor Standards Act, 29 U.S.C. § 207(a) ("FLSA").  Less than one month after the Amended Complaint was filed, counsel for RHS moved the Court for permission to withdraw, claiming that RHS had failed to pay legal fees and that counsel had been "unable to locate the Defendant." Mot. to Withdraw [273].  The Magistrate Judge granted the Motion to Withdraw and permitted RHS "until June 20, 2014, to have new counsel enter an appearance on its behalf, failing which this Defendant is warned that it may be subject to sanctions up to and including default judgment." Order Granting Mot. to Withdraw [274].  Since the time of its counsel's withdrawal in this matter, RHS has failed to retain new counsel or respond to any pleadings.

Plaintiff's claims against all other Defendants have been dismissed, and on December 18, 2015, the Court directed Plaintiff to submit a Motion for Default Judgment containing an individualized calculation of money damages based on record evidence.  Order [312].  The Order indicated that responsive pleadings "shall be filed in accordance with the deadlines contained in the Local Uniform Civil Rules for the Southern District of Mississippi."  Plaintiff's Motion for Default Judgment [313], supported by appropriate evidence of damages, was submitted on March 8, 2016.  RHS has not responded.

3

## II. DISCUSSION

The Court may enter default judgment pursuant to Federal Rule of Civil Procedure 55 "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55.  Because RHS initially made an appearance in this action, before the Court may enter a default judgment RHS "must be served with written notice of the application [for default] at least 7 days before the hearing." FED. R. CIV. P. 55(b)(2).  The Fifth Circuit has held, however, that "Rule 55(b)(2) does not require the district court to hold either an evidentiary hearing or oral argument on a motion for a default judgment," when the party in default has had "sufficient notice of the possibility that a default judgment would be entered against them." *Sec. & Exch. Comm'n v. First Fin. Grp. of Texas, Inc.*, 659 F.2d 660, 669 (5th Cir. 1981).

More than 14 days have passed since the Motion for Default Judgment was filed, and RHS was alerted to the possibility of default in this Court's Order Directing Plaintiff to File Motion for Default Judgment on December 18, 2015.  The Court finds RHS has been given appropriate notice of Plaintiff's request for default judgment and has failed to respond.  In light of the evidence on damages submitted by Plaintiff, which remains unopposed by RHS, the Court finds that a hearing on damages is not required.

After due consideration of the Motion for Default Judgment, the record, and relevant legal authorities, the Court finds that Plaintiff's Motion is well taken and should be granted. Based on the affidavits submitted and the entire record, the Court agrees with Plaintiff's calculation of damages. The Court will enter a default judgment against RHS in the amount of $71,349.43, plus costs and post-judgment interest.

### III.  CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's Motion for Default Judgment [313] and will enter a Default Judgment against RHS in the total amount of $71,349.43, plus costs and post-judgment interest.

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that Plaintiff's Motion [313] for Default Judgment is **GRANTED**. The Court will enter a separate Default Judgment against Royal Hospitality Services, LLC.

**IT IS, FURTHER, ORDERED** that a copy of this Order shall be mailed to Defendant at its last known address of record, Royal Hospitality Services, LLC, 237 N. Peters, Suite 4, New Orleans, LA 70130.

**SO ORDERED AND ADJUDGED,** this the 19th day of April 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE